Aymen Saeed BATARFI,
et al., Petitioners,

v.

George W. BUSH, et al., Respondents.

Civ. No. 05–0409 (EGS).

United States District Court,
District of Columbia.

March 13, 2009.

William James Murphy, John J. Connolly, Murphy & Shaffer, Baltimore, MD, Ahmed Ghappour, Cori Crider, Zachary Katznelson, Reprieve, London, UK, for Petitioners.

Ronald James Wiltsie, Scott Eltringham, Scott Michael Marconda, Terry Marcus Henry, August Edward Flentje, James C. Luh, Jean Lin, John Kevin Henebery, Nicholas J. Patterson, Norman Christopher Hardee, Paul A. Dean, Scott Douglas Levin, U.S. Department of Justice, Andrew I. Warden, Federal Programs Branch, U.S. Department of Justice, Civil Division, Washington, DC, for Respondents.

### *ORDER TO SHOW CAUSE*

EMMET G. SULLIVAN, District Judge.

Upon consideration of the Petitioner's Motion for Supplemental Relief Regarding Government's Compliance with Discovery Order ("Petitioner's Motion"), the government's opposition ("Government's Response"), the Petitioner's reply, and the Petitioner's Notice of Supplemental Authority Relevant to Petitioner's Motion, it is hereby

**ORDERED** that by no later than 12:00 p.m. on Tuesday, March 17, 2009, the government shall show cause why the government and the attorneys for the government in this case should not be held in contempt for failure to comply with this Court's January 16, 2009 Order[1] and this Court's previous Orders to produce exculpatory information. It is further

**ORDERED** that the government's response shall include a declaration from the appropriate official at the Department of Defense ("DOD"), a declaration from the appropriate official at the Central Intelligence Agency, and a declaration from the appropriate official at the Department of Justice ("DOJ"), detailing (a) who within their agency and/or department conducted a search or searches for exculpatory information relevant to Petitioner's detention; (b) when such search or searches occurred; (c) what was searched; (d) where the searches occurred; and (e) approximately how many pages of documents were searched. It is further

**ORDERED** that the declaration from the Department of Justice shall also include an explanation of (a) why the government failed to comply with this Court's Order to produce exculpatory evidence and only belatedly produced the March 2002 Memorandum cited in Petitioner's Motion and attached to Petitioner's Motion as Exhibit 4; (b) why the government failed to comply with this Court's Order dated January 16, 2009 to file a declaration that "Department of Justice attorneys have reviewed Petitioner's statements for exculpatory evidence and have produced or will produce all statements containing exculpatory evidence to Petitioner's counsel"; and (c) a certification that the attorney(s) conducting the review for exculpatory evidence are familiar with the meaning of exculpatory evidence and the principles set forth in *Brady v. Maryland,* 373 U.S. 83,

---

1. The Court's initial Order was issued from the bench on January 16, 2009. It was later memorialized in a written Order dated January 29, 2009. *See* docket no. 162.

87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny. Petitioner has expressed concern that the government is relying on DOD attorneys to conduct the review for exculpatory evidence. Petitioner's objection is that those non-DOJ attorneys may not have the necessary experience with the government's obligations pursuant to *Brady* and its progeny. That concern, in part, prompted the Court's January 16, 2009 Order that a DOJ attorney file a declaration that s/he had reviewed the evidence. The government's declaration filed pursuant to that Order indicates that the government continues to rely on DOD attorneys for the initial review for exculpatory evidence. Moreover, the Government's Response to Petitioner's Motion states requiring a review process by attorneys with "*Brady* experience" would mean that "only criminal prosecutors from DOJ would be involved in the evidence review[,]" and that such a requirement is "not feasible." *see* Government's Response at 3. The government's argument raises the disturbing implication that the attorneys conducting the review in this and other habeas cases (who presumably are not criminal prosecutors from DOJ) do not have the necessary experience with and knowledge of the government's *Brady* obligations.

Petitioner has been incarcerated for more than *seven years* without any adjudication; his liberty interests have been and remain at stake; and through this habeas proceeding he is exercising a right to challenge his detention founded in the United States Constitution and recognized by the United States Supreme Court. Any delegation of a review for exculpatory evidence to attorneys who do not understand or are not familiar with *Brady* and its progeny under these circumstances is absolutely unacceptable and will not be tolerated. It is further

**ORDERED** that the Court Security Office is directed to consult with the appropriate government agency or agencies to conduct an expedited classification review of the Petitioner's Motion, the Government's Response, the Petitioner's Reply, and the Petitioner's Notice of Supplemental Authority Relevant to Petitioner's Motion, and to provide the Court and counsel with unclassified versions of these pleadings suitable for filing on the public docket, by no later than 5:00 p.m. on Tuesday, March 17, 2009. It is further

**ORDERED** that no extensions of time to comply with this Order will be granted. Petitioner has been detained for more than seven years. The exculpatory document belatedly produced, in violation of this Court's Order to produce exculpatory evidence issued several months ago, was created by the government in March 2002. In its response to Petitioner's Motion, the government fails to offer even a single reason or excuse for the belated production. The Court and counsel have expended extraordinary resources to prepare for a merits determination in this case, including extensive briefing and a hearing on Petitioner's Motion for Judgment on the Record. A merits hearing is now scheduled for April 6, 2009. The Court will not tolerate any further delay by the government, particularly in the face of a clear violation of this Court's Order to produce exculpatory evidence. It is further

**ORDERED** that the remainder of the discovery matters raised in Petitioner's Motion shall be addressed at the Pretrial Conference on March 19, 2009.

**SO ORDERED.**